Filed 3/7/16  P. v. Gumm CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DAVID RAY GUMM,<br><br>  Defendant and Appellant. | C079015<br><br>(Super. Ct. Nos. 07F2172, 14F5267) |

Appointed counsel for defendant David Ray Gumm asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review of the record reveals that the remaining charges in case No. 07F2172 were not dismissed as provided in a plea agreement.  We will modify the judgment to conform to the plea agreement and affirm the judgment as modified.

I

On March 22, 2007, the People charged defendant in Shasta County Superior Court case No. 07F2172 with two felonies, a misdemeanor, and two infractions all related

1

to a single incident in which defendant engaged in driving under the influence of alcohol (hereafter the DUI case). In June 2013, defendant pleaded guilty to driving with a blood-alcohol level of 0.08 percent or more with prior convictions of related offenses. (Veh. Code, §§ 23152, subd. (b), 23550.) In exchange for defendant's plea, the People agreed that they would move to dismiss the remaining charges in that matter, along with the charges pending in Shasta County Superior Court case No. 13F3273. At sentencing, the trial court suspended imposition of sentence, placed defendant on formal probation for three years, ordered defendant to pay various fines and fees (suspending a $400 probation revocation fine under Penal Code section 1202.44),[1] and dismissed case No. 13F3273. The remaining charges in case No. 07F2172 were not dismissed.

Months later, Patrick Wilcox went to defendant's trailer to give him a ride to the bank so defendant could pay his rent. Defendant appeared to have just woken up. Wilcox told him to get ready and sat down to watch television while waiting for defendant. While Wilcox waited, defendant came out of his bedroom and sat down. Wilcox said, "Dave we need to get ready to go," and defendant went back into his bedroom. Three or four seconds later, defendant came out of his bedroom and hit Wilcox on the top of the head with a hammer. At trial, Wilcox testified that defendant may have been angry with him because Wilcox and defendant's landlord had arranged for Wilcox to drive defendant to the bank to get the rent money. Wilcox grabbed the hammer and defendant tried to punch him. Wilcox pushed defendant to the ground, went to his own trailer and called 911. Wilcox's head wound was later closed with seven staples.

Defendant was arrested and charged in Shasta County Superior Court case No. 14F5267 with assault with a deadly weapon, a serious felony. (§§ 245, subd. (a)(1), 1192.7, subd. (c)(23), (31).) The People further alleged defendant was previously

---

[1] Undesignated statutory references are to the Penal Code.

2

convicted of a strike felony (§ 1170.12), was on bail when he committed the crime (§ 12022.1), inflicted great bodily injury during the commission of the crime (§ 12022.7), and was previously convicted of a serious felony (§ 667, subd. (a)).

Defendant testified at trial that Wilcox started the argument and defendant picked up the hammer in self-defense after Wilcox shoved him to the ground. Defendant told Wilcox to get the hell out of his trailer. Defendant followed Wilcox outside and saw Wilcox picking himself up, with his head near a car fender. The People called Wilcox back to the stand and he contradicted defendant's version of events. The People also established that defendant was convicted of four prior impeachable felonies.

The jury found defendant guilty of assault with a deadly weapon and found true the allegation that defendant inflicted great bodily injury on Wilcox during the commission of the assault. In a bifurcated proceeding, defendant admitted the prior felony conviction allegations and the trial court granted the People's motion to dismiss the on-bail enhancement allegation. Based on the evidence presented at trial, the trial court formally revoked defendant's probation in the DUI case.

The trial court subsequently sentenced defendant to an aggregate term of 16 years 8 months in state prison, imposed various fines and fees and lifted the suspension of the probation revocation fine previously imposed in the DUI case. The trial court awarded defendant 413 days of presentence credit and ordered him to have no contact with Wilcox.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record reveals that in exchange for defendant's plea, the People agreed that they would move to dismiss the remaining charges in case No. 07F2172, but the remaining charges in case No. 07F2172 were not dismissed. We will modify the judgment (§ 1260) to conform the judgment to the plea agreement.

## DISPOSITION

The judgment is modified to dismiss the remaining charges in case No. 07F2172. The judgment is affirmed as modified.


                                                        _____/S/_____
                                                        Mauro, J.


We concur:


_____/S/_____
Raye, P. J.


_____/S/_____
Blease, J.